## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

(CHIEF) COL. MICHAEL S.
OWL FEATHER-GORBEY,

   **Petitioner,**

v.          **Case No.: 5:21-cv-00583**

WARDEN, Beckley FCI,

   **Respondent.**

### PROPOSED FINDINGS AND RECOMMENDATIONS

Petitioner Feather-Gorbey is a federal prisoner currently incarcerated in Federal Correctional Institution Beckley ("FCI Beckley") within this judicial district. On October 29, 2021, Feather-Gorbey, proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, (ECF No. 2), and an Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1). This matter is assigned to the Honorable Frank W. Volk, United States District Judge, and by standing order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that the presiding District Judge **DENY** Feather-Gorbey's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, (ECF No. 2), and **DENY** the Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1), as moot.

## I.    <u>Relevant History</u>

Feather-Gorbey has an extensive history of litigation, with suits filed in a number of courts and jurisdictions over a period of time spanning more than a decade. Only the most relevant of those cases are discussed below. The undersigned notes that the cases discussed below do not include all of the habeas proceedings filed by Feather-Gorbey in which he challenges his D.C. conviction and sentence; however, the additional cases provide no new or different information that is particularly relevant to this analysis of Feather-Gorbey's claims. As explained below, the undersigned **FINDS** that none of the fifteen grounds asserted by Feather-Gorbey in the instant habeas petition are properly before this Court. Therefore, the petition should be dismissed in its entirety.

### A. Prior Proceedings

#### 1. 2008 Criminal Conviction

On January 18, 2008, Feather-Gorbey was arrested near the United States Capitol in possession of a shotgun and shotgun shells, a sword, a bulletproof vest, and hunting knives. *See Gorbey v. United States*, 55 F. Supp.3d 98, 101 (D.D.C. 2014). He stated that he was on his way to a meeting with Chief Justice John Roberts. *Id.* Law enforcement officers later searched Feather-Gorbey's truck, which was parked illegally nearby, and found hundreds of rounds of ammunition, a rifle scope, and a homemade bomb. *Id.* In May 2008, Feather-Gorbey was convicted by a jury on fourteen weapons-related charges in the District of Columbia Superior Court (the "Sentencing Court") and was sentenced to 264 months in prison. *Id.* Feather-Gorbey filed a direct appeal of the conviction and sentence to the District of Columbia ("D.C.") Court of Appeals, which affirmed much of the Sentencing Court's judgment, but remanded the case for further proceedings as explained below.

### 2. 2012 District of Columbia State Habeas Proceeding

While Feather-Gorbey's direct appeal was pending, he filed an unsuccessful motion in the Sentencing Court pursuant to D.C. Code § 23-110, collaterally challenging his convictions and sentence. *See Gorbey v. United States,* 54 A.3d 668, 676 (D.C. 2012). In this motion, Feather-Gorbey raised a number of claims, including ineffective assistance of counsel; lack of subject matter jurisdiction in the D.C. courts; errors in the presentence report ("PSR"); errors in the application of the D.C. Voluntary Sentencing Guidelines; failure of law enforcement to promptly inventory his truck; impartiality of the jury; the insufficiency of the evidence to establish the explosive device, weapons of mass destruction, and carrying dangerous weapons charges; and Feather-Gorbey's competence.

In September 2012, after joining Feather-Gorbey's direct appeal with his appeal of the dismissal of his § 23-110 motion, the D.C. Court of Appeals rejected the majority of his claims on their merits, with the exception that the Court vacated one of Feather-Gorbey's carrying charges and all but one of the ammunitions charges, and remanded to the Sentencing Court an issue related to its failure to conduct a hearing under *Frendak v. United States,* 408 A.2d 364 (D.C. 1979). *Frendak* requires the trial court to inquire as to whether a criminal defendant made a knowing and voluntary decision to waive an insanity defense. On remand, the Sentencing Court conducted the *Frendak* hearing, found that Feather-Gorbey had validly waived the insanity defense, and resentenced him to 254 months in prison.

### 3. 2012 Oklahoma Federal Habeas Proceeding

In November 2012, while his state court proceedings were in progress, Feather-Gorbey filed a petition under 28 U.S.C. § 2241 in the United States District Court for the

Western District of Oklahoma ("Oklahoma District Court"). *Gorbey v. Warden, Federal Transfer Center,* No. Civ -12-1331-HE, 2013 WL 6074289 (W.D. Okla. Nov. 18, 2013). At the time, he was housed at the Federal Bureau of Prisons ("BOP") Oklahoma Transfer Center located in the Western District of Oklahoma. Feather-Gorbey asserted twelve grounds, including a challenge to the BOP's decision to elevate his security risk; the constitutionality of a prison disciplinary proceeding; actual innocence of his crimes of conviction; lack of subject matter jurisdiction in the D.C. courts to charge him with the crimes of conviction; the BOP's improper transfer of D.C. offenders to facilities across state lines; the lack of a constitutional trial in D.C. because voir dire was done behind closed doors; ineffective assistance of counsel in his D.C. criminal proceedings; impartiality of the jury; the impropriety of shackling him during trial; errors in the PSR by D.C. officers; and errors in the application of the D.C. sentencing guidelines by the Sentencing Court. *Id.,* at *1. The Oklahoma District Court found that many of Feather-Gorbey's challenges required dismissal for lack of jurisdiction, because federal district courts are prohibited by statute from reviewing convictions imposed in the D.C. Superior Court unless the remedy in the D.C. courts was inadequate or ineffective, and Feather-Gorbey had not satisfied that standard. *Id.,* at *2. Other claims were dismissed, because they raised challenges to the conditions of Feather-Gorbey's confinement, which had to be addressed in a civil rights action rather than a habeas proceeding. Feather-Gorbey's ineffective assistance of counsel claim was dismissed for lack of exhaustion as he had a similar claim pending in the D.C. Court of Appeals, and his attack on the disciplinary proceeding was moot, because Feather-Gorbey had already received the relief requested. *Id.* The habeas petition was dismissed.

Feather-Gorbey appealed the Oklahoma District Court's dismissal to the United

States Court of Appeals for the Tenth Circuit ("Tenth Circuit"). *Gorbey v. Warden of the Federal Transfer Center,* 588 Fed. Appx. 805 (10th Cir. 2014). On October 23, 2014, the Tenth Circuit found that most of Feather-Gorbey's claims were incoherent, so it focused on the ineffective assistance of appellate counsel claim. The Tenth Circuit concluded that Feather-Gorbey had not exhausted his state court remedies prior to filing his federal habeas petition; accordingly, the petition was properly dismissed. The Tenth Circuit further noted that the Oklahoma District Court did not have jurisdiction over Feather-Gorbey's claim in any event, explaining as follows:

> Since his claim of ineffective assistance of appellate counsel is clearly an attack on his convictions and sentence entered by the D.C. trial court, it must be brought under 28 U.S.C. § 2254, not under 28 U.S.C. § 2241. *Hamm v. Saffle,* 300 F.3d 1213, 1216 (10th Cir. 2002). Under § 2254, it should be filed in the district in which Mr. Gorbey was convicted and sentenced-i.e., the district court for the District of Columbia. And, that district court (in D.C.) recently rejected **on its merits** Mr. Gorbey's claim that his appellate counsel was ineffective.

*Id.* at 811 (emphasis added). The Tenth Circuit affirmed the Oklahoma District Court's dismissal of the petition and denied the appeal.

### 4. 2013 District of Columbia Federal Habeas Proceeding

On December 19, 2013, Feather-Gorbey filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 in the United States District Court for the District of Columbia ("D.C. District Court"). *Gorbey v. United States*, 55 F. Supp. 3d 98 (D.D.C. 2014). Feather-Gorbey raised two grounds in his petition: ineffective assistance of counsel on direct appeal and ineffective assistance of counsel on remand by failing to seek a recall of a mandate issued by the D.C. Court of Appeals.

The D.C. District Court acknowledged that Feather-Gorbey's claim of ineffective assistance of appellate counsel fell within the narrow exception to § 23-110(g)'s bar on

federal habeas petitions, so the Court considered the merits of Feather-Gorbey's claim. After reviewing all eleven arguments asserted by Feather-Gorbey, the D.C. District Court concluded that "[e]ven without the highly deferential standard applied on federal habeas review, the Court would have no trouble upholding the D.C.C.A's rejection of Feather-Gorbey's ineffectiveness claim." *Id.* at 104. The D.C. District Court provided a lengthy analysis of the various contentions made by Feather-Gorbey, determining that none of them had merit. With respect to the alleged ineffective assistance of Feather-Gorbey's counsel on remand, the D.C. District Court was skeptical that such a claim fell within the exception to the federal habeas bar, but stated that if it did, Feather-Gorbey had not exhausted the claim. *Id.* at 105-06. The D.C. District Court added that even if the claim were exhausted, "it would very likely fail." *Id.* at 106. Accordingly, the § 2254 petition was dismissed on July 17, 2014. *Id.*

Feather-Gorbey appealed the dismissal of his petition to the United States Court of Appeals for the District of Columbia Circuit ("D.C. Circuit"). *See Gorbey v. Warden,* Case No. 14-5268 (D.C. Cir. May 6, 2015). The D.C. Circuit denied Feather-Gorbey's motion for a certificate of appealability on the basis that he had not made a "substantial showing of the denial of a constitutional right." *Id.* (quoting 28 U.S.C. § 2253(c)(2)). Nearly seventeen months later, Feather-Gorbey moved the D.C. District Court for reconsideration of the denial of his habeas petition, which the D.C. District Court rejected on October 7, 2016. Feather-Gorbey appealed that decision, and while the appeal was pending he filed another motion for reconsideration, which was denied. Feather-Gorbey appealed that ruling, and both were considered together by the D.C. Circuit. *Gorbey v. Warden,* No. 18-5349, (D.C. Cir. Oct. 22, 2019). The D.C. Circuit rejected the appeal, stating that Feather-Gorbey had "not presented any argument on the merits of his appeal

6

that would allow jurists of reason to find it debatable whether the district court was correct." *Id.* (internal markings and citation omitted). Consequently, a certificate of appealability was denied.

### 5. 2015 Alabama Federal Habeas Proceeding

On August 7, 2015, Feather-Gorbey, who was incarcerated in FCI Talladega located in Talladega, Alabama,  filed another petition for a writ of habeas corpus under 28 U.S.C. § 2254 in the United States District Court for the Northern District of Alabama ("Alabama District Court"), challenging his D.C. conviction and sentence, as well as his unsuccessful appeal and collateral petitions filed in the D.C. courts. *See Gorbey v. Warden Taylor,* No. 1:15-cv-01359-RDP-JHE, 2016 WL 462848 (N.D. Ala. Jan. 7, 2016). In this petition, Feather-Gorbey asserted that he had discovered new evidence proving his actual innocence; that his attorneys at sentencing, on appeal, and on collateral motions were ineffective; and that the Sentencing Court erred in denying his collateral motions. *Id.* at *2.

The Alabama District Court noted that D.C. Code § 23-110 was the sole remedy under which a D.C. offender could collaterally attack his sentence or conviction, adding that the Supreme Court of the United States had previously held that the D.C. statute was equivalent to and replaced the normal habeas procedure, precluding federal courts from reviewing the convictions imposed by the D.C. Superior Court. *Id.* (citing *Swain v. Pressley,* 430 U.S. 372, 377–82 (1977)). The Alabama District Court further concluded that the only way Feather-Gorbey could obtain post-conviction review by a federal court was under the § 23-110(g) savings clause. Pursuant to this clause, a federal court could review a collateral challenge to a D.C. conviction if the remedy under § 23-110 was inadequate or ineffective to test the legality of the defendant's detention. *Id.*

After reviewing Feather-Gorbey's claims, the Alabama District Court found that most of the claims were either not cognizable in a habeas proceeding or were barred by the D.C. statute. The one exception to this finding was Feather-Gorbey's ineffective assistance of appellate counsel claim, which fell outside of the scope of § 23-110. However, the Alabama District Court determined that this claim was also subject to dismissal, because it was successive. *Gorbey,* 2016 WL 462848, at *5. Given that Feather-Gorbey had already filed a § 2254 petition in the federal district court in the District of Columbia, had raised the ineffective assistance of appellate counsel claim, and had received a review on the merits, the claim was subject to dismissal. *Id.* (quoting 28 U.S.C. § 2244(b)(1), which states "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed."). Consequently, the Alabama District Court dismissed the petition. *Gorbey v. Taylor,* No. 1:15-cv-01359-RDP-JHE, 2016 WL 454469 (N.D. Ala. Feb. 5, 2016).

### 6.  Miscellaneous Federal Habeas Petitions Under § 2241

In addition to multiple habeas petitions filed by Feather-Gorbey to attack his conviction and sentence, he has filed actions under 28 U.S.C. § 2241 challenging his conditions of confinement and various disciplinary proceedings. Representative of these many filings are the following:

a.  *Gorbey v. Warden*, No. 7:16cv00372, 2016 WL 6426417 (W.D. Va. Oct. 28, 2016)—challenge to his security level classification and facility designation.

b.  *Owlfeather-Gorbey v. Warden*, No. 7:16cv00461, 2016 WL 6462152 (W.D. Va. Oct. 31, 2016)—challenge to his security level classification, facility designation, and conditions of confinement.

c.  *Feather-Gorbey v. Warden-FCI Cumberland,* No. RDB-18-1602, 2018 WL 5809673 (D. Md. Nov. 6, 2018)—alleges that the BOP denied his access to the Interstate Agreement on Detainers Act related to a detainer filed by

the State of Virginia for an alleged probation violation.

d. *Gorbey v. Warden*, No. 7:16CV00449, 2019 WL 4545618 (W.D. Va. Sept. 19, 2019)—challenge to disciplinary proceeding for charge of improperly using the telephone.

e. *OwlFeather-Gorbey v. Warden, FCI Cumberland*, No. CV RDB-19-2394, 2020 WL 1322950 (D. Md. Mar. 20, 2020)—challenge to disciplinary proceeding for charge of possession of narcotics.

f. *Owl Feather-Gorbey v. USP-Lewisburg*, No. 3:20-CV-1150, 2021 WL 4375949 (M.D. Pa. Sept. 24, 2021)—challenge to disciplinary proceeding for charge of fighting.

g. *Owl Feather-Gorbey v. USP-Lewisburg*, No. 3:20-CV-1364, 2021 WL 4494625 (M.D. Pa. Sept. 24, 2021) )—challenge to disciplinary proceeding for charge of disruptive conduct.

A review of the Feather-Gorbey's cases demonstrates that he asserts the same claims over and over again, despite having received a review on the merits and an opportunity to appeal.

### B.  Proceedings in this Court

Since coming to FCI Beckley in March 2021, Feather-Gorbey has filed four petitions under 28 U.S.C. § 2241 and eight civil rights complaints. As to the four habeas proceedings: in Case No. 5:21-cv-00367, Feather-Gorbey challenges a prior disciplinary proceeding; in Case No. 5:21-cv-00387, he complains of conditions of confinement; in Case No. 5:21-cv-00492, Feather-Gorbey claims that he was assaulted at FCI Beckley and seeks immediate removal from the facility; and in this § 2241 petition, Feather-Gorbey raises preliminary objections followed by fifteen grounds for relief, which are broadly summarized as follows:

1.  Preliminary objections—Feather-Gorbey claims that the provision of D.C. Code § 23-110 that prevents D.C. offenders from obtaining relief in other courts is illegal, because the District of Columbia has no authority over other courts. (ECF No. 2 at 1-2).

9

Feather-Gorbey adds that he has been enjoined from filing any further petitions in the D.C. courts and has also been denied the opportunity to petition under § 2241 and § 2254. Feather-Gorbey claims that he has new evidence that came to light after his trial and appeal, which demonstrates that he is actually innocent of the charges of conviction. (ECF No. 2 at 3). He complains that prior federal courts have converted his § 2241 petitions to § 2254 petitions and then either transferred them to the D.C. courts or dismissed them as second and successive; thus, denying him a review on the merits. (*Id.*).

2.   Ground One—Feather-Gorbey reiterates his contention that he has new evidence, including photographs taken in 2008, which prove his innocence of the explosives charge. In addition, he has located: a 2017 D.C. court services report that shows his 2008 PSR was incorrect, placing him at the wrong level of the sentencing guidelines; D.C. Jail visiting records which prove that he did not deny visits with his appointed counsel and court services personnel; various items that prove that Feather-Gorbey was set up and railroaded by law enforcement, the prosecutors, and the court; and a D.C. Jail face and time calculations sheet which proves that his sentence was fully served after seven and one half years in custody. (*Id.* at 4-9).

3.   Grounds Two and Three—Feather-Gorbey alleges that his 2008 D.C. guidelines sentence was incorrect based on the erroneous PSR. (*Id.* at 10-13). He claims that the first PSR was wrong, so the Sentencing Court ordered it to be corrected. However, the second PSR was even more mistaken, and Feather-Gorbey was not given sufficient time to review and correct it before sentencing. (*Id.* at 11). He accuses the pretrial services officer of using unverified and unsigned court documents from prior cases to increase his criminal history category. (*Id.* at 11-12). He believes these errors caused him to serve an extended sentence of twenty-two years, when he should have received a sentence of thirty-six months.

Feather-Gorbey additionally complains that the pretrial services officer wrongfully disclosed personal information about him to the prosecutor, police, and FBI. These agencies, as well as the CIA, proceeded to intimidate Feather-Gorbey's family, friends, and witnesses, resulting in Feather-Gorbey's unfair trial. (ECF No. 2 at 13-14).

4. Ground Four—Feather-Gorbey contends that, despite having proof from the D.C. Jail face and time calculations sheet that his sentence has already been fully served, the BOP refuses to honor the D.C. calculation and has determined that Feather-Gorbey's release date is 2027—thirteen years longer than the D.C. Jail's determination. Feather-Gorbey adds that he raised this issue in 2014 with an Alabama federal court, but that court summarily dismissed the claim without a hearing and without appointing Feather-Gorbey counsel. (*Id*. at 15-16).

5. Ground Five—Feather-Gorbey argues that D.C. Code § 24-101 is unconstitutional, because it allows D.C. offenders to be transported across state lines and housed in federal correctional institutions. (*Id*. at 17). Feather-Gorbey believes that the transport of D.C. prisoners over state lines violates the U.S. Constitution's extradition and commerce clauses. Feather-Gorbey contends that his housing in another state is akin to placing him in an asylum state with no legal authority over him.

6. Ground Six—Feather-Gorbey claims that the District of Columbia lacked subject matter jurisdiction to charge him with the crimes of conviction, because the crimes were federal in nature and should have been charged in federal court. (*Id*. at 20).

7. Grounds Seven and Nine—According to Feather-Gorbey, D.C. Code §§ 21-3154, 21-4515, 21-4504, and 7-2506.01 are unconstitutional. (*Id*. at 20). Feather-Gorbey argues that these statutes—which formed the bases of his convictions—are vague, or internally inconsistent, or overreaching, or were misapplied to the facts of his case. In addition, he

claims that § 21-4504 is unconstitutional because it violates the Second Amendment's right to bear arms. (ECF No. 2 at 24-25).

8.   Ground Eight—Feather-Gorbey alleges that D.C. police failed to conduct an immediate inventory of his truck as required by the procedural handbook of the Metropolitan Police Department, as well as by D.C. and federal law. Feather-Gorbey claims that his truck was left unsecured; thereby, undermining the integrity of the contraband allegedly found in the truck. (*Id*. at 24).

9.   Ground Ten—Feather-Gorbey argues that the conduct attributed to him did not amount to a violation of D.C. codes pertaining to weapons of mass destruction and possession of explosives. (*Id*. at 27). He claims that the prosecutor failed to demonstrate Feather-Gorbey's criminal intent and, consequently, did not prove him guilty of the crimes of conviction.

10.   Grounds Eleven and Twelve—Feather-Gorbey states that all of his appointed counsel, throughout his criminal proceedings and appeals, provided ineffective assistance. (ECF No. 2 at 28). His first lawyer, Coopers, was ineffective for allowing Feather-Gorbey to be jailed after the initial appearance on a violent crime hold when he was only charged with a non-violent crime. His next lawyer, Mullins, claimed that the D.C. court was not obligated to tell Feather-Gorbey what the charges were against him and wanted him to voluntary admit himself to a mental institution. (*Id*.). Feather-Gorbey discharged Mullins and was assigned Lawyer Tulley. Lawyer Tulley was ineffective when he told the court that Feather-Gorbey should be required to represent himself. (*Id*. at 29). Tulley was replaced by Attorney Ohm. Attorney Ohm was ineffective when he asked Feather-Gorbey to waive his speedy trial rights, because Ohm had a trial scheduled at the same time as Feather-Gorbey's trial. Ohm was further ineffective by failing to collect all

of the relevant evidence from the prosecutor. Feather-Gorbey was not sent discovery directly, forcing him to make discovery arguments. Ohm did not effectively cross examine the FBI bomb expert at trial, and failed to retain an opposing expert on Feather-Gorbey's behalf, although he told Feather-Gorbey that he had an expert. (ECF No. 2 at 31). Ohm used Capitol Police experts to provide favorable testimony for Feather-Gorbey, but they were allowed to make adverse statements against him regarding other aspects of the case. (*Id*. at 31-32). Ohm failed to preserve objections and failed to file a motion for acquittal, as well as other post-trial motions. Attorney Dworsky was ineffective at sentencing, causing Feather-Gorbey to get a longer sentence than he deserved. (*Id*. at 32). Attorney Hoffman was appointed to represent Feather-Gorbey on appeal, but he fired her because she insisted on only arguing competency issues. (*Id*. at 33). Hoffman selected her successor, Burton, and then instructed him on what issues to raise on appeal. Feather-Gorbey filed an appellate motion, which Burton amended by supplying the court with Feather-Gorbey's alleged psychological report in order to raise a competency issue. Feather-Gorbey complains that Burton was aware of the PSR's sentencing calculation errors, but failed to raise them on appeal. (*Id*. at 34). Burton also failed to preserve a challenge to the constitutionality of the weapons of mass destruction charge, preventing it from being raised on appeal. When Feather-Gorbey's case on appeal was remanded to the trial court for a *Frendak* hearing, he was appointed Attorney Wicks. (*Id*. at 36). Wicks did nothing to address the many constitutional errors in Feather-Gorbey's criminal proceeding and instead argued that he was insane. She also refused to file a motion to recall the mandate of the D.C. Court of Appeals. (*Id*. at 36-37). Attorney Lane was next appointed and visited Feather-Gorbey in jail. (*Id*. at 38). Lane told Feather-Gorbey that he was friends with the presiding judge and intended to milk the case for money, because

the judge had short-changed him on other cases. Feather-Gorbey fired Lane, resulting in the appointment of his next counsel, Silver. (ECF No. 2 at 38). Silver unfortunately had a romantic interest in the prosecutor and spent his time chasing after her. Silver also wanted Feather-Gorbey to plead insanity, which forced Feather-Gorbey to fire Silver. (*Id.*). He claims that the actions of the attorneys and the court denied him his Sixth Amendment right to counsel.

11.    Grounds Thirteen and Fourteen—Feather-Gorbey claims a denial of due process and equal protection rights. He asserts that he is housed with federal prisoners and required to follow the same routines as them, but he is denied the benefits of the First Step Act which are available to the federal prisoners. (*Id.* at 39-40). Feather-Gorbey adds that he is a D.C. offender; therefore, the BOP should not have the last word on his disciplinary charges and good time credits. (*Id.* at 40).

12.    Ground Fifteen—Feather-Gorbey challenges a detainer issued by the Commonwealth of Virginia, which is currently lodged against him. *(Id.* at 40-42). He claims that the detainer was maliciously issued and is the fruit of a procedurally void process. Feather-Gorbey states that he was held by Virginia for months before the prosecutor decided not to pursue probation violation charges against him, but then the prosecutor reasserted the charges after Feather-Gorbey was in BOP custody. In Feather-Gorbey's view, because he had already finished his probation when the detainer was issued, the charges are void. He complains that, notwithstanding these facts, the Commonwealth of Virginia continues to assert the charges. He claims that the presence of the detainer negatively affects him, because it is "jacking up" his prison points, thus denying him access to beneficial prison programs, and precluding early release. (*Id.* at 42).

14

For relief, Feather-Gorbey seeks immediate release from custody, dismissal of the Virginia detainer, co-counsel to assist him in the habeas proceeding, and leave to proceed under § 2241, as D.C. Code § 23-410 and 28 U.S.C. § 2254 are inadequate and ineffective remedies. (ECF No. 2 at 42).

## II.   <u>Standard of Review</u>

Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts states that the rules applying to § 2254 proceedings may be applied to any habeas corpus petition. Rule 4 requires a judge to conduct a preliminary review of the petition. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the Clerk to notify the petitioner." *See* Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. Feather-Gorbey has filed his petition *pro se*, and courts are required to liberally construe *pro se* pleadings. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the petition is subject to dismissal if it fails to state a cognizable claim, states claims over which this Court lacks jurisdiction, or fails to overcome relevant gatekeeping provisions.

## III.   <u>Discussion</u>

### A.  *Challenges to Conviction and Sentence*

In Grounds One, Two, Three, Six, Seven, Eight, Nine, Ten, Eleven, and Twelve, Feather-Gorbey challenges the validity of his D.C. conviction and sentence. As a D.C. offender, Feather-Gorbey's right to collaterally attack his convictions and sentence is governed by D.C. Code § 23-110. Section 23-110 provides that a prisoner in custody under a sentence imposed by the D.C. Superior Court must file a motion to collaterally attack his conviction or sentence in the sentencing court, and a writ of habeas corpus on behalf

of a D.C. offender "shall not be entertained by the Superior Court or by any Federal or State Court if it appears that the [offender] has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." D.C. Code § 23-110(g).

The Supreme Court of the United States addressed this statute in *Swain v. Pressley*, explaining that a motion under § 23-110 is comparable to a motion filed by a federal prisoner under 28 U.S.C. § 2255. *Swain,* 430 U.S. 372, 375 (1977). Like § 2255, § 23-110 requires the prisoner to first file a motion in the sentencing court. If unsuccessful, the prisoner may appeal the decision to the appropriate appellate court. In Feather-Gorbey's case, he was required to file a § 23-110 motion in D.C. Superior Court and to appeal a negative ruling to the D.C. Court of Appeals. The remedy available under § 23-110 is the exclusive remedy for a D.C. offender to collaterally attack his conviction or sentence. In other words, the section is an "unequivocal statutory command to federal courts not to entertain an application for habeas corpus after the applicant has been denied collateral relief in the Superior Court." *Swain,* 430 U.S. at 377.

Nonetheless, like its federal counterpart, § 23-110 contains a "savings clause," which creates an exception to the rule that a D.C. offender cannot file a federal habeas petition. Under § 23-110(g), a D.C. offender may collaterally challenge the validity of his conviction or sentence in federal court when, and only when, the remedy under § 23-110 is "inadequate or ineffective to test the legality of his detention." *See* D.C. Code § 23-110(g); *also Garris v. Lindsay,* 794 F.2d 722, 726 (D.C. Cir. 1986) (noting that "prisoners sentenced by state courts may resort to federal habeas corpus after exhaustion of their state remedies," but "a District of Columbia prisoner has no recourse to a federal judicial

forum unless the local remedy is 'inadequate or ineffective to test the legality of his detention.'"). Importantly, the remedy under § 23-110 is not inadequate or ineffective simply because the offender's motion was unsuccessful in the D.C. courts, or the offender is precluded from re-litigating a claim already raised. *Garris,* 794 F.2d at 727 (holding that "[i]t is the efficacy of the remedy, not a personal inability to utilize it, that is determinative."). As a general rule, only in "extraordinary" cases will the federal courts have jurisdiction over a habeas petition filed by a D.C. offender. *See Wilson v. Office of the Chairperson,* 892 F. Supp. 277, 280 (D.C. Cir. 1995). The "determination as to whether the remedy available to a prisoner under §23-110 is inadequate or ineffective hinges on the same considerations enabling federal prisoners to seek habeas relief: 28 U.S.C. § 2255 and D.C. Code § 23-110 are coextensive." *Id.*

The D.C. Court of Appeals has also recognized that § 23-110 "is nearly identical and functionally equivalent to [28 U.S.C.] § 2255"; as such, courts may properly "rely on cases construing the federal rule" when applying and interpreting § 23-110(g). *Butler v. United States*, 388 A.2d 883, 886, n.5 (D.C. 1978). In the Fourth Circuit, courts evaluate claims presented under the savings clause by applying the substantive law of the circuit where the defendant was convicted and the procedural law of the circuit where the petition is pending. *Hahn v. Moseley*, 931 F.3d 295, 301 (4th Cir. 2019). Feather-Gorbey was convicted in the D.C. Superior Court and is incarcerated in the Southern District of West Virginia. Therefore, the undersigned applies Fourth Circuit procedural law and D.C. substantive law to analyze the applicability of the savings clause.

The Fourth Circuit has provided a framework for determining if the remedy under § 2255 is inadequate or ineffective, thus allowing a petitioner to challenge his conviction or sentence in a petition filed under § 2241. Under this framework, the validity of a

conviction may be collaterally attacked through a § 2241 petition if the petitioner can show all three of the following elements: (1) at the time of his conviction, the settled law of the circuit or the Supreme Court established the legality of his conviction; (2) subsequent to his direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which he was convicted is now deemed not to be criminal; and (3) he cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law. *In re Jones*, 226 F.3d at 328, 333-34 (4th Cir. 2000). When the petitioner seeks to challenge his sentence, he must establish that: (1) at the time of sentencing, settled law of the circuit or the Supreme Court established the legality of the sentence; (2) subsequent to his direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) he cannot satisfy the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect. *United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018).

The Fourth Circuit held in *Wheeler* that the savings clause requirements are jurisdictional rather than simply procedural. *Wheeler*, 886 F.3d at 426. Therefore, if they are not met, the court does not have jurisdiction to entertain the § 2241 petition. The petitioner bears the burden of establishing that his available remedy is inadequate or ineffective, and that he satisfies the savings clause requirements. *See Hood v. United States*, 13 Fed. Appx. 72, 2001 WL 648636, at *1 (4th Cir. 2001); *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979); *Hayes v. Ziegler*, No. 5:11-cv-00261, 2014 WL 670850 (S.D.W. Va. Feb. 20, 2014), *aff'd*, 573 Fed. Appx. 268 (4th Cir. 2014).

Here, Feather-Gorbey fails to satisfy all elements of *In Re Jones* or *Wheeler*.

Consequently, he cannot collaterally attack his convictions or sentence in this Court. Feather-Gorbey was convicted of being a felon in possession of a firearm, carrying a dangerous weapon, possessing a destructive device, and attempting to manufacture or possess a weapon of mass destruction. Under the *In Re Jones* test, Feather-Gorbey can satisfy the first prong, but he cannot meet the second and third prongs. The second prong requires a change in the substantive law that decriminalizes the conduct for which Feather-Gorbey was convicted. Feather-Gorbey provides no basis for the Court to conclude that the relevant law in D.C. has changed, and that the change in law has decriminalized the activity for which Feather-Gorbey was convicted. Similarly, the third prong of *In Re Jones* requires a new rule of law—Feather-Gorbey offers no new rule of law. Indeed, most of his claims in this petition mirror claims that he has asserted numerous times in numerous courts over the past decade, including claims that have been addressed and resolved on the merits.

Feather-Gorbey likewise fails to satisfy the elements of the *Wheeler* test, because he has not alleged, or shown, any substantive change in relevant D.C. law since his § 23-110 motion was determined. Given that there has been no change in the law, there cannot be a new rule of law that is retroactive on collateral review, which results in an error by the Sentencing Court that is so grave it constitutes a fundamental defect.

In sum, the undersigned **FINDS** that Feather-Gorbey fails to meet the requirements necessary to trigger this Court's review under the savings clause. As such, he cannot demonstrate that the remedy under § 23-110 is inadequate or ineffective to test the legality of his sentence. Accordingly, Grounds One, Two, Three, Six, Seven, Eight, Nine, Ten, Eleven, and Twelve of his petition must be dismissed.

### B. Condition of Confinement Claims

In Grounds Five, Thirteen, and Fourteen, Feather-Gorbey complains about his conditions of confinement. Habeas corpus is the appropriate and exclusive remedy for prisoners to attack the validity or duration of their confinement. *Todd v. Baskerville,* 712 F.2d 70, 71 (4th Cir. 1983). When a challenge is made to the conditions of confinement in a federal correctional facility, rather than to the fact of confinement, the remedy is a civil rights action filed pursuant to *Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971*). See Sandlain v. Rickard*, No. CV 1:19-00025, 2019 WL 4691467, at *1-*2 (S.D.W. Va. Sept. 25, 2019), *aff'd,* 801 Fed. Appx. 202 (4th Cir. 2020); *Wilborn v. Mansukhani*, 795 Fed. Appx. 157 (4th Cir. 2019) (noting a circuit split regarding whether conditions of confinement claims are cognizable in habeas proceedings; declining to extend the scope of § 2241 to conditions of confinement)*; Rodriguez v. Ratledge*, 715 Fed. Appx 261 (4th Cir. 2017) (deciding conditions of confinement claims are not cognizable in § 2241 petitions); *and Brown v. Zeigler*, No. 5:12-CV-01178, 2013 WL 4500473, at *6 (S.D.W. Va. Aug. 20, 2013), *aff'd,* 554 Fed. Appx. 235 (4th Cir. 2014) (holding that federal petitioner's challenge to continued placement in the Special Housing Unit must be brought in civil rights action). Accordingly, the undersigned **FINDS** that Grounds Five, Thirteen, and Fourteen should be dismissed as they do not state cognizable claims under 28 U.S.C. § 2241.

### C. Claim of Ineffective Assistance of Appellate Counsel

In Ground Eleven, Feather-Gorbey asserts a claim of ineffective assistance of appellate counsel. Although D.C. Code § 23-110 is the exclusive remedy for challenges to the validity of a D.C. conviction or sentence—including claims that trial counsel was ineffective—a D.C. offender claiming the ineffectiveness of *appellate* counsel is required

to raise that claim through an application to the D.C. Court of Appeals. *Williams v. Martinez,* 586 F.3d 995, 996 (D.C. Cir. 2009). As this application constitutes a process separate from a motion made under § 23-110, a claim of ineffective assistance of appellate counsel is not subject to the exclusivity rule of § 23-110 and may be raised  in a federal habeas proceeding. *Id.* at 998.

"An inmate who is incarcerated in federal prison pursuant to a conviction from the D.C. Superior Court is generally considered a 'state' prisoner for purposes of habeas relief in federal court." *Dyer-El v. Bolster*, No. 3:19CV365, 2020 WL 3513695, at *2 (E.D. Va. June 29, 2020) (quoting *Wheeler v. Rivera*, No. 2:14CV00064 KGB/JTR, 2015 WL 7731473, at *2 (E.D. Ark. Apr. 23, 2015) (collecting cases); *also Madley v. U.S. Parole Comm'n*, 278 F.3d 1306, 1308–09 (D.C. Cir. 2002) ("[W]e conclude that a court of the District is a state court for the purpose" of habeas appeal); *Carter v. Tripp*, No. 5:17-HC-2009-FL, 2018 WL 1403608, at *4 (E.D.N.C. Mar. 20, 2018). For this reason, a D.C. offender's claim of ineffective assistance of appellate counsel must be pursued under 28 U.S.C. § 2254, not § 2241. *Id.* at *3. A petition under § 2254 is subject to the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA). The AEDPA contains limitations on habeas petitions which assert a claims that was, or should have been, raised in a prior habeas proceeding. The AEDPA states as follows:

> **(a)** No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

> **(b)(1)** A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

**(2)** A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--

> **(A)** the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> **(B)(i)** the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> **(ii)** the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

**(3)(A)** Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C.A. § 2244 (West).

As previously indicated, in December 2013, Feather-Gorbey filed a petition under § 2254 in the United States District Court for the District of Columbia. *Gorbey v. United States*, 55 F. Supp.3d 98 (D.D.C. 2014). Feather-Gorbey contended that his appellate counsel and his counsel on remand from the D.C. Court of Appeals were ineffective. After considering the arguments, the D.C. District Court rejected the claim of ineffective assistance of appellate counsel on the merits. The District Court further found that Feather-Gorbey had not exhausted his second claim, and that even if the claim had been exhausted, it was likely to fail. *Id.* at 105-06.

Feather-Gorbey filed another § 2254 petition in the United States District Court for the Northern District of Alabama on August 7, 2015. *Gorbey v. Taylor,* Case No. 1:15-cv-01359-RDP-JHE (Aug. 7, 2015). In that petition, he argued that he had discovered new evidence proving his actual innocence of the crimes of conviction; that all of his attorneys were ineffective; and that the D.C. Superior Court erred in denying his collateral motions.

*Id.,* at ECF No. 18. The Court found that the actual innocence claim was not a proper, independent habeas claim; the Court lacked jurisdiction over the ineffective assistance of counsel claims, except the claim involving appellate counsel; the ineffective assistance of appellate counsel claim was subject to dismissal as it was successive; and the claims of court error in collateral proceedings failed to state a basis for habeas relief. *Id.,* at ECF Nos. 18, 20.

Clearly, Feather-Gorbey's claim of ineffective assistance of appellate counsel has been addressed on the merits, and any petition under § 2254 based on that claim is prohibited as successive. *See* 28 U.S.C.A. § 2244(b)(1); also, *Griffin v. Padula*, 518 F. Supp. 2d 680, 687 (D.S.C. 2007) (citing *Slack v. McDaniel*, 529 U.S. 473 (2000)). Even assuming for the sake of argument that the precise claim of ineffective assistance of counsel currently raised was not previously addressed, Feather-Gorbey has filed multiple federal habeas petitions claiming ineffective assistance of counsel. Thus, he is required to obtain authorization from the appropriate circuit court before filing another petition. Feather-Gorbey does not indicate that he received pre-filing authorization before initiating this proceeding. Without that authorization, "this court is without jurisdiction to entertain" the claim. *Jeter v. White,* No. 4:06–424–HMH–TER, 2006 WL 1391500, *2 (D.S.C. May 19, 2006) (citing *United States v. Winestock,* 340 F.3d 200, 205 (4th Cir. 2003)). Therefore, the undersigned **FINDS** that Feather-Gorbey's ineffective assistance of appellate counsel claim violates the limitations set forth the AEDPA and should be dismissed.

### D.  Sentence Calculation Claim

In Ground Four, Feather-Gorbey challenges the BOP's calculation of his sentence, arguing that the BOP has unjustly added thirteen years to his sentence. (ECF No. 2 at 15-

17). Feather-Gorbey advises that he previously raised this issue via petition filed in the United States District Court for Northern District of Alabama, but did not receive a thorough review of the issue. He states that his petition was summarily dismissed by the district court, without a hearing and without the appointment of counsel.

The docket from the Alabama District Court confirms that Feather-Gorbey did file a habeas petition in that court and did indeed raise the very issue outlined in the instant petition. On October 15, 2015, United States Magistrate Judge John H. England, III, issued a Report and Recommendation ("R&R") addressing Feather-Gorbey's contention that the BOP miscalculated his sentence, causing him to be illegally confined past his maximum release date. *Gorbey v. Taylor,* Case No. 1:15-cv-00644-RDP-JHE, 2015 WL 6699899 (N.D. Ala. Oct. 15, 2015). In support of his claim, Feather-Gorbey relied on the same D.C. Department of Corrections Face Sheets that he references in the instant action and argued that his date for release from custody was January 12, 2015.

Judge England explained in his R&R that Feather-Gorbey was serving a 252-month sentence that did not begin to run until 2008. *Id.,* at *2. The face sheets relied upon by Feather-Gorbey did not reflect a sentence calculation, but instead pertained to a writ of habeas corpus ad prosequendum, which required Feather-Gorbey's presence in court on January 12, 2015. After analyzing the sentence computation data, Judge England concluded that the BOP's calculation of Feather-Gorbey's sentence comported with the District of Columbia's Sentence Computation Manual. Therefore, there was no merit to Feather-Gorbey's claim. *Id.*

Feather-Gorbey objected to Judge England's R&R. On November 3, 2015, United States District Judge R. David Proctor denied Feather-Gorbey's objections, adopted the R&R of Judge England, and dismissed the petition. *Gorbey v. Taylor,* Case No. 1:15-cv-

00644-RDP-JHE, 2015 WL 6689125 (N.D. Ala. Nov. 3, 2015). Feather-Gorbey unsuccessfully appealed the District Court's judgment to the United States Court of Appeals for the Eleventh Circuit, followed by a petition for a writ of certiorari, which the Supreme Court of the United States denied in January 2017. *Gorbey v. Taylor,* 137 S. Ct. 700 (Mem.) (2017).

"A state prisoner is entitled to one fair opportunity to seek federal habeas relief from his conviction." *Banister v. Davis*, 140 S. Ct. 1698, 1702 (2020). A prisoner is not permitted to reassert a claim that was presented in a prior application unless the prisoner has obtained pre-filing authorization. *See* 28 U.S.C. § 2244(b); *also In Re Wright,* 826 F.3d 774, 779 (4th Cir. 2016) ("[W]e conclude that, regardless of how they are styled, federal habeas petitions of prisoners who 'are in custody pursuant to the judgment of a State Court' should be treated as 'applications under section 2254' for purposes of § 2244(b), even if they challenge the execution of a state sentence."). Feather-Gorbey has asserted this sentence calculation claim in prior petitions and has received a ruling on the merits, which was upheld on appeal. Feather-Gorbey does not indicate that he has received pre-filing authorization to institute a successive petition challenging the same sentence computation. Therefore, his claim is barred.

In a similar case, the district court held that both the limitations in § 2244 and the doctrine of *res judicata* barred a second petition based on the same sentence calculation claim. *Leger v. Cruz*, No. 1:13-CV-00372-TLW, 2014 WL 526335, at *3 (D.S.C. Feb. 7, 2014) (holding that "[b]ecause the issues presented in the instant petition have been previously litigated, this case is barred by the doctrine of *res judicata,* which precludes the assertion of a claim after a judgment on the merits in a prior suit brought by the same parties and based on the same cause of action. While *res judicata* is ordinarily an

affirmative defense, a court may *sua sponte* apply the doctrine of *res judicata* where it has previously decided the issue presented to avoid unnecessary judicial waste."). Like Feather-Gorbey, the petitioner in *Leger* argued that the BOP had miscalculated his sentence. Petitioner had asserted that same claim in a prior petition under § 2241 and received a decision on the merits. The District Court made clear that claims litigated to judgment, involving the same cause of action and essentially the same parties or their privies, cannot be resurrected in a subsequent case. *Id.,* at *3-*4.

Therefore, for these reasons, the undersigned **FINDS** that Feather-Gorbey is barred from reasserting his sentence calculation claim in this proceeding.

### E. Virginia Detainer

In Ground Fifteen, Feather-Gorbey seeks to have a detainer lodged by the Commonwealth of Virginia dismissed as procedurally defective, maliciously issued, and the product of an illegal search. (ECF No. 2 at 40-42). As is the case with many of Feather-Gorbey's claims, this particular matter has been previously raised and resolved. *See Gorbey v. Clarke,* o. 2:12cv667, 2014 WL 108743 (E.D. Va. Jan. 9, 2014); *also Owl Feather-Gorbey v. Clarke*, No. 2:20CV270, 2021 WL 1085451, at *3 (E.D. Va. Jan. 27, 2021), *report and recommendation adopted sub nom. Feather-Gorbey v. Clarke*, No. 2:20CV270, 2021 WL 1082478 (E.D. Va. Mar. 19, 2021). The history of the Virginia detainer is as follows:

> On December 13, 1999, Petitioner Michael S. Gorbey, pled guilty to two felonies, possession of a firearm by a convicted felon, and failure to appear. *Commonwealth v. Gorbey,* CR98–586, CR99–383 (Va. Cir. Ct. Dec. 13, 1999). He was sentenced to five years in prison, with all but one year and five months suspended. *Commonwealth v. Gorbey,* CR98–586, CR99–383 (Va. Cir. Ct. Feb. 3, 2000). He also was sentenced to two years of probation after release from incarceration. *Id.* Upon release, Petitioner failed to report for probation in Culpeper, Virginia, where he had been instructed to reside, and the court issued a capias for his detainment. *Commonwealth v. Gorbey,*

CR98–586 (01), CR99–383 (01) (Va. Cir. Ct. May 21, 2001). In January of 2003, he was detained under that capias, and pled guilty to violation of his probation. *Commonwealth v. Gorbey,* CR98–586 (01), CR99–383 (01) (Va. Cir. Ct. Jan. 14, 2003). The suspension of his sentence was revoked and all but time served was resuspended, and two years of probation were imposed. *Id.* The Circuit Court for the County of Faquier also allowed Petitioner to live in West Virginia. *Id.*

Petitioner was released from custody on February 13, 2003, and was instructed to contact his probation officer, in person or by phone, upon release. He failed to do so, and upon a written statement from his probation officer detailing as such, on June 24, 2003, the Circuit Court for the County of Faquier issued a second capias. *Commonwealth v. Gorbey,* CR98–586 (02), CR99–383 (02) (Va. Cir. Ct. June 24, 2003).

Between 2003 and 2008, Petitioner was detained and released multiple times under this capias. He was first detained by Monongalia County in December of 2003, but was released on April 30, 2004 because Virginia failed to extradite him. *West Virginia v. Gorbey,* Mag. Ct. No. 03F–506 (W.Va. Cir. Ct. Apr. 30, 2004). Petitioner was detained between five and ten times total on this capias, in West Virginia and Colorado. *Compare* ECF No. 22–5 *with* Pet'r's Stat. of Facts in Supp. of Pet. § 2254. In 2012, Petitioner received a letter from the Virginia Department of Corrections Division of Probation and Parole Services detailing Petitioner's history of parole violations and indicating that the 2003 capias had been replaced with another capias on July 22, 2010.

On February 17, 2011, Petitioner moved for a written dismissal order of all charges relating to the capias in the Circuit Court for the County of Faquier, which was denied as inappropriate on April 26, 2011. *Commonwealth v. Gorbey,* CR98–586 (02), CR99–383 (02) (Va. Cir. Ct. Apr. 26, 2011). Petitioner did not appeal the Circuit Court's decision, but did file a petition for a state writ of habeas corpus on November 8, 2011. *Gorbey v. Commonwealth,* Case No. CL11–697 (Va. Cir. Ct. Jan. 11, 2012). It was dismissed on January 11, 2012, and the court denied reconsideration on February 1, 2012. *Gorbey v. Commonwealth,* Case No. CL11–697 (Va. Cir. Ct. Feb. 1, 2012). Petitioner appealed to the Virginia Supreme Court, which denied his petition, and denied reconsideration. *Gorbey v. Commonwealth,* Record No. 120598 (Va. Dec. 3, 2012).

*Gorbey v. Clarke,* No. 2:12CV667, 2014 WL 108743, at *2 (E.D. Va. Jan. 9, 2014).

On December 7, 2012, Feather-Gorbey filed a petition for habeas relief under § 2254 with the United States District Court for the Eastern District of Virginia, asking that the detainer be dismissed on the grounds that he was actually innocent of the charges and

he had ineffective assistance of counsel. *Gorbey*, 2014 WL 108743, at *3. For various reasons—including that the petition was barred by the one-year statute of limitations contained in the AEDPA and that his claims of actual innocence were factually unsupported—Feather-Gorbey's petition was dismissed. *Id.*

On May 1, 2017, Feather-Gorbey filed a motion with the Circuit Court of Fauquier County, Virginia, asking it to reconsider his 2011 state habeas proceeding regarding the detainer and underlying charges. *Owl Feather-Gorbey*, 2021 WL 1085451, at *2. The Circuit Court denied the motion, and on October 18, 2017, entered an order preserving the 2010 capias, which was reentered in the National Crime Information Center. *Id.* Feather-Gorbey attempted to quash the preservation order and have the detainer withdrawn, but these attempts were unsuccessful. Feather-Gorbey initiated an appeal, but when he was told that his petition did not comply with the Rules of the Court of Appeals of Virginia, he failed to file an amended petition, resulting in dismissal of the appeal. *Id.* Gorbey next filed a petition for a writ of habeas corpus with the Supreme Court of Virginia, which found the petition to be barred, because the issues were raised, or could have been raised, in the circuit court and on direct appeal and could not be raised in a habeas proceeding. *Id.*, at *3.

Accordingly, Feather-Gorbey filed another petition under 28 U.S.C. § 2254 in the Eastern District of Virginia on May 29, 2020. He sought to have all pending charges dismissed and the detainer removed on the grounds that 2017 preservation order and detainer violated the Double Jeopardy Clause, the Due Process and Equal Protection Clauses, were a malicious abuse of process, violated his right to a speedy trial, and on the additional ground that he was actually innocent of the charges. *Id.* On January 27, 2021, United States Magistrate Judge Robert J. Krask issued a R&R, finding that Feather-

Gorbey's claims were procedurally defaulted; he had not shown cause to excuse the default, and his claim of actual innocence was not sufficiently supported. *Owl Feather-Gorbey*, 2021 WL 1085451, at *3-7. The R&R was adopted over Feather-Gorbey's objections on March 19, 2021. *Feather-Gorbey v. Clarke*, No. 2:20CV270, 2021 WL 1082478 (E.D. Va. Mar. 19, 2021).

In the instant petition, Feather-Gorbey attacks the same detainer and asserts the same arguments previously offered in his prior proceedings. Assuming, but not deciding, that Feather-Gorbey can bring this claim in a habeas proceeding, the claim should be raised in a petition under § 2254 rather than a petition under § 2241. *In Re Wright,* 826 F.3d at 779. As the claim was decided on the merits, his instant petition is successive. *See Griffin v. Padula*, 518 F. Supp.2d 680, 687 (D.S.C. 2007) (citing *Slack v. McDaniel*, 529 U.S. 473 (2000)). Thus, this claim is barred under 28 U.S.C. § 2241(b)(1) unless Feather-Gorbey receives pre-filing authorization to reassert it. Feather-Gorbey does not indicate that he has received pre-filing authorization to file a second or successive petition on this ground. Without pre-filing authorization, "this court is without jurisdiction to entertain" the claim. *Jeter v. White,* No. 4:06–424–HMH–TER, 2006 WL 1391500, *2 (D.S.C. May 19, 2006) (citing *United States v. Winestock,* 340 F.3d 200, 205 (4th Cir. 2003)). Therefore, the undersigned **FINDS** that Ground Fifteen of Feather-Gorbey's petition is barred as successive and should be dismissed.

## IV.    <u>Proposal and Recommendations</u>

For the aforementioned reasons, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that Feather-Gorbey's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, (ECF No. 2), be **DENIED**; the Application to Proceed Without Prepayment of Fees and Costs,

(ECF No. 1), be **DENIED,** as moot; and that this action be **DISMISSED,** with prejudice, and removed from the docket of the court.

Petitioner is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Frank W. Volk, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Volk and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner.

**FILED:**  December 23, 2021

Cheryl A. Eifert
United States Magistrate Judge