**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT BECKLEY**

(CHIEF) COL. MICHAEL S. OWL
FEATHER-GORBEY,

        Petitioner,

v.                                             CIVIL ACTION NO. 5:21-cv-00583

WARDEN, Beckley FCI,

        Respondent.

## <u>MEMORANDUM OPINION AND ORDER</u>

Pending is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 by Petitioner (Chief) Col. Michael S. Owl Feather-Gorbey. [Doc. 2]. This action was previously referred to the Honorable Cheryl A. Eifert, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). Magistrate Judge Eifert filed her PF&R on December 23, 2021. [Doc. 6]. Magistrate Judge Eifert recommended the Court take the following actions: deny the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [Doc. 2]; deny Petitioner's Application to Proceed Without Prepayment of Fees or Costs as moot [Doc. 1]; and dismiss the matter. Mr. Feather-Gorbey objected to the PF&R on January 4, 2022. [Doc. 7].

He filed a Motion for Leave to Add New Objection & Argument to the Magistrate [sic] Finding & Recommendation on January 18, 2022. [Doc. 9]. The Court **GRANTS** the Motion and considers the objection stated therein.

**I.**

The Court is required "to make a de novo determination of those portions of the

report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*." (emphasis added)). Further, the Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

## II.

Mr. Feather-Gorbey moved to recuse the undersigned, Chief Judge Johnston, Magistrate Judge Aboulhosn, and Magistrate Judge Tinsley. [Doc. 8]. He contends these judges have personal biases against him and have continually abused their discretion in the disposition of his previous cases. [*Id.* at 1–2]. Specifically, Mr. Feather-Gorbey claims on December 21, 2021, when making his initial appearance for his criminal matter, Case Number 5:21-cr-000214, a Deputy United States Marshal spoke with him in the presence of his counsel, Kris Faerber, "regarding possible criminal charges regarding Gorbey's filings." [*Id.* at 1]. He claims the judges were "trying to use U.S. Marshals & the threat of criminal prosecution to intimidate Gorbey" and this gives the judges a "personal concern" in the outcome of Mr. Feather-Gorbey's civil matters, thus requiring recusal. [*Id.*].

Pursuant to 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The United States Court of Appeals for the Fourth Circuit has observed that the test is an objective one, requiring a judge to "disqualify

2

himself whenever his 'impartiality might reasonably be questioned.'" *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003) (quoting *In re Beard*, 811 F.2d 818, 827 (4th Cir. 1987)). In other words, the proper inquiry to be applied is "whether the judge's impartiality might be questioned by a reasonable, well-informed observer who assesses all the facts and circumstances." *Newport News Holdings Corp. v. Virtual City Vision, Inc.*, 650 F.3d 423, 433 (4th Cir. 2011) (quoting *United States v. DeTemple*, 162 F.3d 279, 286 (4th Cir. 1998)). Absent extraordinary circumstances, "a nonjudicial source must be present to raise the appearance of impropriety." *United States v. Morris*, 988 F.2d 1335, 1337 (4th Cir. 1993). Simply put, "[t]he nature of the judge's bias must be personal and not judicial." *Beard*, 811 F.2d at 827. Additionally, a reasonable observer "is not a person unduly suspicious or concerned about a trivial risk that a judge may be biased." *DeTemple*, 162 F.3d at 287. "A presiding judge is not, however, required to recuse himself simply because of unsupported, irrational, or highly tenuous speculation" or because a judge "possesses some tangential relationship to the proceedings." *Cherry*, 330 F.3d at 665 (internal quotations omitted).

Section 455(b), in turn, provides a list of situations requiring recusal, including where a judge "has a personal bias or prejudice concerning a party." 28 U.S.C. 455(b)(1). Like Section 455(a), "§ 455(b)(1) carr[ies] an 'extrajudicial source limitation' . . . under which bias or prejudice must, as a general matter, stem from 'a source outside the judicial proceeding at hand' in order to disqualify a judge." *Belue v. Leventhal*, 640 F.3d 567, 572 (4th Cir. 2011) (quoting *Liteky v. United States*, 510 U.S. 545–51 (1994)). In applying the extrajudicial source limitation, the Supreme Court has recognized that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555. The Court went on to explain that, without more, such rulings alone "cannot possibly show reliance upon an extrajudicial source; and can

only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved." *Id.* at 555.

In the instant motion -- and without considering the recusal of the enumerated judicial officers other than the Undersigned -- Mr. Feather-Gorbey has failed to point to any extrajudicial source of bias or prejudice that would warrant disqualification under Sections 455(a) or (b)(1). He claims the Deputy United States Marshal questioned him regarding his filings, but he fails to show how this questioning -- in the presence of his appointed counsel, no less -- both implicates the Undersigned's involvement and demonstrates judicial bias or prejudice. Additionally, it appears the bulk of Mr. Feather-Gorbey's contentions arise from his disagreement with earlier rulings in his cases. As noted, mere disagreement with judicial rulings and unsupported allegations of bias, without more, are insufficient to warrant recusal. "Likewise, judicial remarks that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." *Belue*, 640 F.3d at 574 (internal quotations omitted). In sum, the Court concludes Mr. Feather-Gorbey's allegations of bias and favoritism are unsupported and thus insufficient to raise the appearance of any impropriety to a reasonable observer on the part of the Undersigned. The Motion to Recuse [Doc. 8] is **DENIED.**

### III.

Objections 1, 3, 4, 5, and 6 are directed at the Magistrate Judge's recitation of the factual and procedural history of his prior cases in other jurisdictions. [Doc. 7 at 1–4]. These objections amount to challenges to the prior decisions of other courts, including challenges to factual findings and denial of due process. [*Id.*]. Objection 2 is directed toward the Magistrate Judge discussing and considering his prior history, with Mr. Feather-Gorbey stating, "Gorbey's history of filing has nothing to do with considering his actual innocence or sentencing errors or

ineffective counsel. As to deny Gorbey relief simply because he is a filer is retaliation & a categorical aproach [sic]." [*Id.* at 2].

Mr. Feather-Gorbey's prior filing history, however, is central to the disposition of this matter. Inasmuch as he is a prisoner of the District of Columbia, D.C. Code § 23-110 applies to his habeas corpus petitions. The gatekeeping nature of D.C. Code § 23-110 requires habeas corpus petitions be filed in the sentencing court, and this Court may only consider his Petition if (1) the Superior Court has denied him relief, and (2) the habeas corpus action was "inadequate or ineffective to test the legality of his detention." D.C. Code § 23-110(g). His challenges to the findings and reasoning of previous courts merely distract from this jurisdictional inquiry. Such challenges are not properly before the Court.

The Magistrate's discussion of his litigation history indicates that Mr. Feather-Gorbey sought relief under D.C. Code § 23-110 and was denied. [Doc. 6]. To the extent his objections could be construed as the Magistrate Judge improperly treating the prior cases as authoritative, the Court disagrees. Irrespective of any discussion of prior cases, the Magistrate Judge meticulously analyzed each claim and concluded Mr. Feather-Gorbey has not satisfied the elements of the savings clauses. [*Id.*]. Accordingly, Mr. Feather-Gorbey's objections 1, 2, 3, 4, 5, and 6 are **OVERRULED.**

## IV.

Objections 7 and 8 concern Magistrate Judge Eifert's references to Mr. Feather-Gorbey's other matters within this District and "miscellaneous Fed. Habeas petitions." [Doc. 7 at 4]. As noted, a brief discussion of prior cases is necessary to determine if the present claims are barred because of the prior review of their merits. The Magistrate Judge concluded the ineffective

assistance of counsel claim, sentence calculation claim, and the Virginia detainer claim are barred. Mr. Feather-Gorbey presented the claims in prior actions and received decisions on the merits. He did not receive pre-filing authorization to file additional petitions on these grounds. [Doc. 6 at 20–29]. Accordingly, objections 7 and 8 are **OVERRULED.** Insofar as objections 11, 12, 13, and "Objection A" [Doc. 9] relate to the merits of those procedurally barred claims, they are **OVERRULED.**

## V.

Magistrate Judge Eifert analyzed the matter considering D.C. Code § 23-110, which provides the habeas corpus process for a prisoner in custody under sentence of the Superior Court of the District of Columbia. This statute states, in part:

> An application for a writ of habeas corpus . . . shall not be entertained by . . . any Federal or State court if it appears that the applicant has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

D.C. Code § 23-110(g). The Magistrate Judge concluded Mr. Feather-Gorbey did not meet this standard to challenge his conviction and sentence, nor could he satisfy the elements for review under the savings clauses of *In re Jones*, 226 F.3d 328 (4th Cir. 2000), and *United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018). [Doc. 6 at 15–19].

Objection 9 challenges the applicability of D.C. Code § 23-110, as it is a state statute and cannot control actions in federal court. [Doc. 7 at 5]. Mr. Feather-Gorbey claims he is unable to obtain leave for a second or successive habeas petition under Section 23-110 because he was enjoined from filing by the District of Columbia Court of Appeals. He asserts previous courts have converted his Section 2241 Petitions to Section 2254 Petitions, yet he claims Section 2254 is inadequate and ineffective to challenge his conviction and sentence. He claims to have new

evidence to show his actual innocence. He further contends he satisfied the savings clause requirements of *Jones* and *Wheeler*. [Doc. 7 at 5-9].

        D.C. Code § 23-110 provides the habeas corpus procedures for prisoners in custody under sentence from the Superior Court of the District of Columbia. The Supreme Court acknowledged that Section 23-110 is functionally equivalent to a Section 2255 petition, and the scope of the remedy provided is much the same as its federal counterpart. *See Swain v. Pressley*, 430 U.S. 372, 381–82 (1977). Therefore, Mr. Feather-Gorbey is not denied an opportunity for meaningful habeas relief.

        Mr. Feather-Gorbey's challenge to Section 23-110 as a means of controlling the actions of the federal court mischaracterizes the nature of the statute. Rather, Section 23-110 controls the inmate's ability to file habeas corpus petitions in other courts. His ability to file in a federal or state court rather than courts of the District of Columbia is dependent upon his showing of the inadequacy or ineffectiveness of Section 23-110 to test the legality of his detention. Because he is a District of Columbia inmate, he must satisfy this pleading standard prior to consideration of his claims on the merits in this Court. He must also demonstrate that the Superior Court of the District of Columbia has denied him relief. Mr. Feather-Gorbey never pled this fact in his Petition, but the Magistrate's recitation of his filing history demonstrates that he has, in fact, filed multiple unsuccessful Petitions in that court.

        Mr. Feather-Gorbey meets the first requirement of Section 23-110, namely, that he was denied relief by the Superior Court. He fails to meet the second requirement for this Court's review. Our Court of Appeals established a framework for determining if the remedy under Section 2255 is inadequate or ineffective, allowing a prisoner to challenge his conviction or sentence in a Section 2241 petition. A prisoner may attack his conviction through a Section 2241 petition if he

meets the following elements: (1) at the time of his conviction, the settled law of the circuit or the Supreme Court established the legality of his conviction; (2) subsequent to his direct appeal and first Section 2255 motion, the substantive law changed such that the conduct of which he was convicted is now deemed not to be criminal; and (3) he cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law. *In re Jones*, 226 F.3d at 328, 333–34 (4th Cir. 2000). When he seeks to challenge his sentence, he must establish that: (1) at the time of sentencing, settled law of the circuit or the Supreme Court established the legality of the sentence; (2) subsequent to his direct appeal and first Section 2255 motion, the settled substantive law changed and was deemed to apply retroactively on collateral review; (3) he cannot satisfy the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect. *Wheeler*, 886 F.3d at 429.

Mr. Feather-Gorbey claims he has met the requirements of *Jones* and *Wheeler*. In support, he contends *Wheeler* and the Supreme Court's decision in *Rosales-Mireles v. United States*, 138 S. Ct. 1897 (2018), establish the illegality of his sentence. That characterization is inaccurate. The Court adopts the Magistrate Judge's position that this case is governed by the substantive law of the District of Columbia and the procedural law of this Circuit [Doc. 6 at 17], but that does not mean *Wheeler* has any bearing on the legality of Mr. Feather-Gorbey's sentence as imposed in the District of Columbia. His second point of authority, *Rosales-Mireles*, was a case concerning a miscalculation of the United States Sentencing Guidelines and a three-pronged standard for establishing plain error. 138 S. Ct. at 1908. Mr. Feather-Gorbey's Petition contains many challenges to his sentence based on the 2008 D.C. Guidelines calculation. Most notably, he contends the Presentence Investigation Report contained numerous errors that were not corrected

upon the Court's direction, causing him to be sentenced at a higher Guidelines range than he claims he should have received. [Doc. 2 at 10–12]. Mr. Feather-Gorbey contends his appropriate Guidelines sentence should have been 36 months rather than the 22 years imposed. [*Id.* at 13–14, Doc. 7 at 8]. If plain error is present, it is not evident from the record. Mr. Feather-Gorbey provides no basis for this alleged miscalculation other than his unsupported assertions. Accordingly, Objection 9 is **OVERRULED.**

## VI.

Objection 10 concerns the Magistrate Judge's classification of Grounds 5, 13, and 14 as conditions of confinement rather than the fact or length of his incarceration. [Doc. 7 at 8–10]. Ground 5 concerns the constitutionality of D.C. Code § 24-101, which allows prisoners of the District of Columbia to be transported across state lines and housed in federal institutions. [Doc. 2 at 17]. Grounds 13 and 14 concern denial of due process and equal protection rights. The denial stems from the fact he is housed with federal prisoners and required to follow the same routines as them, while being denied the benefits of the First Step Act. He further contends as a District of Columbia offender, the Bureau of Prisons should not have authority over his good time credits and disciplinary charges. [Doc. 2 at 39–40].

Despite his objections, Mr. Feather-Gorbey indeed asserts claims concerning conditions of confinement. Ground 5 challenges a statute concerning housing of District of Columbia offenders, which is clearly a condition of confinement and not the confinement itself. Grounds 13 and 14 also involve conditions of confinement, inasmuch as they concern the daily routines of inmates and the presence of unfair treatment among the same. His challenge to the Bureau of Prisons' authority over good time and disciplinary procedures is lodged within his inaccurate contention that he should be incarcerated separately from other federal offenders. These

claims are not appropriately cognizable in a habeas corpus petition. Objection 10 is **OVERRULED**.

### VII.

Objection 14 concerns the Court's denial of leave to proceed In Forma Pauperis in Civil Action Numbers 5:21-cv-00091, 5:21-cv-00209, and 5:21-cv-00210. [Doc. 7 at 20]. He does not challenge the Magistrate Judge's recommendation of denial to proceed In Forma Pauperis in this matter. The Court cannot address the issue in this case, as it contains no specific objection to this PF&R. Objection 14 is **OVERRULED.**

### VIII.

Based upon the foregoing discussion, the Court **GRANTS** the Motion for Leave to Add New Objection & Argument to the Magistrate [sic] Finding & Recommendation. **[Doc. 9]**. The Court **ADOPTS** the Magistrate Judge's PF&R **[Doc. 6]**; **OVERRULES** Mr. Feather-Gorbey's objections **[Docs. 7, 9]**; **DENIES** the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 **[Doc. 2]**; and **DENIES** Petitioner's Application to Proceed Without Prepayment of Fees or Costs **[Doc. 1]**. The Court further **ORDERS** the case **DISMISSED** and **STRIKEN** from the docket.

The Court directs the Clerk to transmit a copy of this written opinion and order to any counsel of record and any unrepresented party herein.

ENTER:          February 14, 2022

Frank W. Volk
United States District Judge