UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

(CHIEF) COL. MICHAEL S. OWL
FEATHER-GORBEY,

        Petitioner,

v.                              CIVIL ACTION NO. 5:21-cv-00583

WARDEN, Beckley FCI,

        Respondent.

## MEMORANDUM OPINION AND ORDER

Pending is Mr. Feather-Gorbey's Motion to Reconsider the Court's Order of February 14, 2022, filed March 1, 2022, and dated February 16, 2022. [Doc. 12]. Specifically, he challenges the Court's denial of his motion to recuse, citing the Undersigned's "extrajudicial source bias, prejudice, & animosity views towards Gorbey for his political & judicial beliefs & views." [Doc. 12 at 2]. This bias, he contends, stems in part from the Undersigned's issuance of a prefiling injunction against him in consolidated cases 5:21-cv-00367, 387, and 492. [5:21-cv-00367, Doc. 30]. He cites additional sources of the Undersigned's bias, many of which the Court has addressed in prior Orders in this matter and others. *See, e.g.,* Doc. 10 at 4 (failure to show judicial bias when Petitioner was questioned by a Deputy United States Marshal while in the presence of appointed counsel); 5:21-cv-00091, Docs. 81, 82 (failure to show judicial bias because of Plaintiff's disagreement with the Magistrate's Proposed Findings and Recommendation); 5:21-cv-00367, Doc. 24 (failure to show bias for alleged collusion between the Court and prison staff to withhold mail and postage). He further reasserts his contentions as presented in his Petition and objections. [Doc. 12 at 2 – 11].

A motion to alter or amend the judgment filed within ten days of judgment is properly construed as a motion filed under Rule 59(e) of the *Federal Rules of Civil Procedure*. *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 412, fn. 11 (4th Cir. 2010) (citing *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978). It is clearly established parties cannot "raise new arguments or legal theories of liability on a motion to alter or amend the judgment under Rule 59(e)." *Pacific Ins. Co. v. American Nat. Fire Ins. Co.*, 148 F.3d 396, 404 (4th Cir. 1998). "Reconsideration is an 'extraordinary remedy,' to be used 'sparingly,' available on only three grounds: 1) an intervening change in controlling law; 2) previously unavailable evidence; or 3) to correct a clear error of law or prevent manifest injustice." *JTH Tax, Inc. v. Aime*, 984 F.3d 284, 290 (4th Cir. 2021) (citing *Pacific*, 148 F.3d at 403). The motion must only concern reconsideration of matters properly encompassed in the challenged judgment. *Banister v. Davis*, 140 S.Ct. 1698, 1708 (2020).

Mr. Feather-Gorbey does not present any grounds to warrant the Court's reconsideration of the Order disposing of the issues in this case. The likelihood of discovering previously unavailable evidence or there being an intervening change in controlling law two days after the Court's decision is highly improbable. The only ground upon which he can seek relief is clear error of law or the prevention of manifest injustice. Yet he points to no specific portions of the Court's Order to demonstrate either. The Court simply cannot find anything in his motion beyond conclusory statements already presented to the Court that might indicate the Court's decision is manifestly unjust or demonstrates a clear error of law. Thus, the Court can find no reason to disturb the Court's decision of February 14, 2022.

The Court **DENIES** the Motion to Reconsider **[Doc. 12]**. The Court **DIRECTS** the Clerk to send a copy of this memorandum opinion and order to counsel of record and any

unrepresented party.

                              ENTER: March 3, 2022

                              /s/ Frank W. Volk
                              Frank W. Volk
                              United States District Judge